SOUTHERN HOME INSURANCE COMPANY, A CORPORA-
TION, *Plaintiff in Error,* v. EUGENE MURPHY, *et al.,*
*Defendants in Error.*

1. In an action upon a policy insuring a certain building "while
   occupied for the following purposes: General Merchandise,
   Groceries and Soda Fount," a plea setting up a different use of
   the building is demurrable unless it in some way denies that
   the building was occupied for the purposes specified in the
   policy at or about the time of the fire.

2. In an action upon a policy insuring a building "while occupied"
   for certain purposes, pleas denying the use of the building for
   the purposes stated in the policy at the time of the fire and aver-
   ring the use of the building for another purpose at and before
   the fire, should not be stricken on motion.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the
court.

*Cockrell & Cockrell* and *L. W. Blanton,* for Plain-
tiff in Error;

*W. B. Davis,* for Defendants in Error.

WHITFIELD, C. J.—This writ of error was taken to
a judgment recovered upon a fire insurance policy. The
policy insured a one story "shingle roof frame building,
while occupied for the following purposes: Genl. Mdse.,
Groceries and Soda Fount." Among the pleas presented
were the following:

"2. And for a second plea the defendant says, that
said insurance on said building was expressly limited

while occupied for the purpose set forth in said policy attached to said declaration, but said building was used for a gathering of negroes, to-wit, at a public dance or other gathering, and was so used during the evening just shortly before the said fire.

3. And for a third plea the defendant says, that the alleged contract declared on called a policy, contains the provision that the premises indemnified against loss by fire during the life of said policy should be used and occupied only as a store for the purpose of carrying on a general merchandise, grocery and soda fountain business; and that after the issuance of said alleged policy and prior to the time of said alleged fire, the premises were used and occupied as a public dance hall."

A demurrer to these pleas was sustained with leave to amend.

Subsequently the following pleas were filed:

"6. And for its sixth plea the defendant says, said insurance policy No. 2106 covered said building only while occupied for certain purposes, to wit, 'general merchandise, groceries and soda fount,' as limited in said policy, and said building at and before the said fire and after the issuance of said policy was occupied for a negro dance hall, and a negro gathering and dance were had in said building on the night of and shortly before the fire described in the declaration, and thereby said policy became and was and is void.

7. And for a seventh plea the defendant says, that said insurance policy No. 2106 covered said building while occupied for certain purposes, to-wit, 'general merchandise, groceries and soda fount' as limited in said policy, and said building at and before the said fire and after the issuance of said policy was not occupied for the purposes aforesaid and was occupied for a negro dance hall."

These pleas were stricken on motion and such ruling is assigned and urged as error, as well as the order sustaining the demurrer to the second and third pleas.

The averment of the second plea that "said building was used for a gathering of negroes, to-wit, at a public dance or other gathering, and was so used during the evening just shortly before the said fire," does not sufficiently negative liability under the policy for the burning of the building "while occupied for the following purposes: Genl Mdse., Groceries and Soda Fount." The use of the building as set out in this plea does not necessarily show a use not contemplated by the terms of the policy, or that the building was not occupied as required by the policy at the time of the fire. The building may have been "occupied for the purposes of general merchandise, groceries and soda fount," even though as stated in the plea "said building was used for a gathering of negroes * * * and was so used during the evening just shortly before the said fire." The use of the building as stated in the second plea may have increased the hazard and thereby affected the liability as provided in another section of the insurance policy; and this defense is presented in other pleas allowed by the court. The demurrer was properly sustained to the second plea.

The sixth plea filed in lieu of the second plea and stricken, contains averments not in the second plea, and may or may not be sufficient in substance if properly tested by demurrer, but it does not appear to be subject to a motion to strike.

The demurrer to the third plea was properly sustained. It does not aver that at the time of the fire the building was not occupied for the purposes stated in the policy. The seventh plea was filed under an order of the court allowing an amendment of the pleas and it contains material averments that are not in

the third plea held bad on demurrer; and as it does not appear that the seventh plea is wholly irrelevant · or frivolous or that it violates any rule or order of the court or that it is so framed as to prejudice or embarrass or delay the fair trial of the action, and as it sets up a legitimate matter of defense, the order striking the plea is error. The defendant was entitled to a hearing on this matter of defense as to whether the building was at the time of the fire occupied as specified in the insurance policy, which matter should be specially pleaded and was not necessarily included in any other plea in issue.

The judgment is reversed.

All concur.